IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON #282756 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv128 |
| U.S. POSTAL SERVICE | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

R. Wayne Johnson, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil lawsuit without paying the filing fee and presumably seeks to proceed *in forma pauperis* (IFP). The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has a long history of frivolous federal lawsuits and has accumulated at least three strikes for the purposes of this statute. In an opinion entered just weeks ago, the United States District Court for the Southern District of Texas in Houston described Plaintiff's track record of meritless filings as follows:

> A national case index reflects that Johnson has filed more than 80 civil actions and appeals in the federal courts while he has been incarcerated. In cases that are too numerous to mention, the Fifth Circuit and other courts have recognized that Johnson has accumulated well over three strikes for filing frivolous or malicious

> actions and that he is no longer eligible to proceed in forma pauperis under 28 U.S.C. § 1915(g). See, e.g., Johnson v. Whatley, 73 F. App'x 79 (5th Cir. 2003); Johnson v. U.S. Post Office, Civil No. H-17-1558 (S.D. Tex. May 23, 2017) (listing numerous strikes and dismissing the case as barred by § 1915(g)); Johnson v. Mitchell, Civil No. 16-1137 (W.D. Okla. Feb. 3, 2017) (same); Johnson v. Texas Tech, Civil No. 5:16-276 (N.D. Tex. Dec. 28, 2016) (same); Johnson v. United States Marine Corps, Civil No. 2:13-66 (N.D. Tex. July 15, 2023) (same); Johnson v. Thaler, Civil No. 2:10-31 (N.D. Tex. Feb. 27, 2012) (listing abusive cases and recommending sanctions).

Order of Dismissal at 2–3, *Johnson v. U.S. Postal Emp'ees*, No. 4:24-1017 (S.D. Tex. Mar. 25, 2024). Furthermore, the United States District Court for the Northern District of Texas has sanctioned Plaintiff for his frivolous filings by prohibiting him from filing any civil action not accompanied by a motion for leave to file explaining why the filing is not frivolous and showing good cause, and the Southern District has elected to honor that sanction. *Id.* at 3–4 (citing *Johnson v. Davis*, No. 4:17-244 (N.D. Tex. Mar. 20, 2017).

In a clear attempt to avoid the effects of that sanction and of Section 1915(g) itself, Plaintiff has filed his latest lawsuit about postal delivery issues in this court. It is as conclusory and inarticulate as the others, *see id*. at 3 (describing Plaintiff's complaint as incoherent, barely legible, and conclusory), but it clearly does not allege any imminent physical danger. Accordingly, Plaintiff may not proceed with this lawsuit without full payment of the filing fee. The Court should therefore bar Plaintiff from proceeding *in forma pauperis* in this case and dismiss it for nonpayment of the filing fee.

## RECOMMENDATION

The Court should accordingly deny Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) and summarily dismiss this action with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $405.00 filing fee. Should Plaintiff pay the full

fee within 15 days after the date of entry of dismissal of the present case, he should be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

Finally, it is **ORDERED** that the Clerk shall refuse any further filing from Plaintiff in this matter other than an objection to this Report unless it is accompanied by the $405 filing fee.

So ORDERED and SIGNED this 11th day of April, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE