IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, #282756 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-128-JDK-KNM |
| | § | |
| U.S. POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 without paying the filing fee or moving to proceed *in forma pauperis*. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On April 11, 2024, the Magistrate Judge issued a Report recommending that the Court bar Plaintiff from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and dismiss this case subject to reinstatement if Plaintiff pays the full filing fee. Docket No. 3. A copy of this Report was mailed to Plaintiff, who has filed written objections to the Report. Docket No. 5.

The Court reviews the findings and conclusions of a Magistrate Judge de novo if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff's objection is largely incoherent, but the Court understands its gist to be that neither a filing fee requirement nor Section 1915(g) applies to a criminal complaint, which is what he insists he filed. But "[i]t is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021). Plaintiff is not such an official, as he affirmatively asserts that he "is not a U.S. Atty," but deems himself to be a "CRIME VICTIM." Docket No. 5 at 1, 2.) Accordingly, Plaintiff lacks the authority to file a criminal complaint in this Court, and "a private citizen cannot enforce criminal statutes in a civil action." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). Regardless of how Plaintiff would have his lawsuit characterized, it is a civil suit subject to both the civil filing fee and Section 1915(g).

Having reviewed the record and Plaintiff's objections de novo, the Court concludes that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 3) as the findings of this Court. It is therefore **ORDERED** that this case is **DISMISSED** with prejudice for purposes of proceeding *in forma pauperis* under 28 U.S.C. § 1915(g)—but without prejudice as to the refiling of the lawsuit with payment of the full filing fee. All pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **29th** day of **April, 2024.**

                                                JEREMY D. KERNODLE  
                                              UNITED STATES DISTRICT JUDGE